## MIXON *v.* THE STATE.

This court is not permitted, under the act of November 11, 1889, prescribing the manner of bringing cases here, to look into a record brought up in non-compliance with that act. Were it otherwise, it would appear that the verdict was demanded by the evidence, and that the object of the defendant in moving for a continuance for the absence of his original counsel (the case having been previously continued twice for the same cause) was more for the purpose of preventing a trial than for a proper defence to be made.
    May 7, 1890.

Practice. Criminal law. Continuance. Before Judge MADDOX. Haralson superior court. January adjourned term, 1890.

Reported in the decision.

F. N. COBB, M. J. HEAD and J. W. BIGGERS, for plaintiff in error.

No appearance *contra*.

Blandford, Justice.

The plaintiff in error was indicted for selling whiskey in the county of Haralson, and found guilty. He says the court committed error because it refused a continuance of his case, and that is the only error complained of.

If we were permitted to look into this record (which we are not, by virtue of the act of November 11th, 1889, prescribing the manner of taking cases to the Supreme Court), we would find that Nixon had made several applications to have his case continued, which had been granted by the court; that at the term preceding that at which he was tried, he was put upon notice by the court that he must procure other counsel if his counsel who then represented him was sick, as the court would continue the case no longer. We would also find the testimony of three witnesses, clear and distinct, that Nixon had been guilty of the offence with which he is charged on three separate and distinct times and dates. We would also find that counsel had been assigned him by the court when he was placed upon trial; and it would further appear that the object of Mixon in insisting that his original counsel be present was more for the purpose of getting a continuance of the case, and to prevent a trial of the same, than it was for his defence before the court and jury.

Parties who wish to bring their cases before this court would do well to consult the act of the legislature above referred to, especially in a case like this, where there is much matter sent up in the record which is wholly unnecessary.

And the judgment of the court below is *Affirmed.*